IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA MARIE MOSES, )<br>)<br>         Plaintiff, )<br>)<br>vs. )<br>)<br>STANLEY GLANZ, SHERIFF OF TULSA )<br>COUNTY, in his personal capacity, and official )<br>capacity, and BOARD OF COUNTY )<br>COMMISSIONERS OF TULSA COUNTY, )<br>)<br>         Defendants. ) | Case No. 10-CV-002-GKF-PJC |

## OPINION AND ORDER

This matter comes before the court on the Partial Motion to Dismiss [Doc. No. 10] of defendant Sheriff Stanley Glanz ("Sheriff Glanz"), filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Dana Marie Moses ("Moses") asserts various race discrimination claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Defendant moves to dismiss plaintiff's § 1981 claim, as well as all claims for punitive damages brought pursuant to Title VII and § 1983. For the reasons set forth below, the motion is granted in part and denied in part.

Plaintiff Moses, an African-American woman, was employed by defendant Tulsa County Sheriff Glanz as a detention officer from April 2006 to June 2008. Moses alleges that during the course of her employment she and other African-American employees "[were] subjected to a racially hostile work environment, where Caucasian officers would routinely use racially offensive language." [Compl., ¶ 13-14]. Moses further alleges that she was disparately treated because of her race with regard to the terms and conditions of her employment and with regard to a disability of her right hand. [Compl., ¶ 16-17]. She further alleges that the defendant's

racially discriminatory "policies and procedures" disparately impacted plaintiff by denying her a meaningful opportunity for advancement. [Compl., ¶ 20-21]. Finally, Moses avers that her employment was terminated because she complained of the aforementioned discrimination. [Compl., ¶ 19].

Plaintiff asserts six claims for relief. The first five are against Sheriff Glanz in his official capacity and the Board of County Commissioners. The sixth count is against "all Defendants." The claims are: 1) disparate treatment in violation of Title VII; 2) failure to ensure a non-hostile work environment in violation of Title VII; 3) termination of plaintiff's employment in violation of § 1981; 4) disparate impact in employment practices in violation of Title VII; 5) retaliatory discharge under Title VII; and 6) violation of § 1983. Defendant Sheriff Glanz moves for dismissal of plaintiff's third claim for relief (§ 1981) and her claims for punitive damages against Sheriff Glanz under the remaining claims.

In order to survive a motion to dismiss, a complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991)

Here, plaintiff's Response [Doc. No. 12] in opposition to defendant's Partial Motion to Dismiss stipulates to the dismissal of her third claim for relief pursuant to § 1981 and to her first,

second, fourth and fifth claims for relief for punitive damages against Sheriff Glanz in his official capacity. The Court accepts plaintiff's stipulations and those claims are dismissed. *See* 42 U.S.C. § 1981a(b)(1)*; Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1134 (10th Cir. 2006) ("Section 1983 provides the exclusive remedy for damages against a state actor for claims which arise under Section 1981.") (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701)); *Roland v. Potter*, 366 F.Supp.2d 1233, 1234-35 (S.D. Ga. 2005) (holding that punitive damages are not available against a government agency under Title VII).

Plaintiff, however, objects to the dismissal of her sixth claim for relief under § 1983 as regards Sheriff Glanz in his individual capacity. The Supreme Court in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269-70 (1981), set forth the relevant standard. *Newport* holds that while punitive damages are unavailable to plaintiffs pursuing § 1983 claims against government entities, a damages remedy remains possible against an official in his or her individual capacity. *Id.* at 269-70; *see Scheideman v. Shawnee Cmty. Bd. of Cmty. Comm'rs*, 895 F.Supp. 279, 283 (D. Kan. 1995) (allowing a § 1983 punitive damages claim against a Sheriff in his individual capacity and stating, "defendants sued in their individual capacity . . . may be liable for punitive damages to [a] plaintiff if the official's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others"). In the first paragraph of plaintiff's Complaint, she clearly identifies Sheriff Glanz in "his personal capacity" as a party defendant and brings her sixth claim for relief under § 1983 for punitive damages against "all Defendants." [Doc. No. 2 at 1, 9]. Therefore, the Court concludes that plaintiff has stated a claim for punitive damages against defendant Sheriff Glanz in his individual capacity in her sixth claim for relief.

Sheriff Glanz's motion is hereby granted as to plaintiff's third claim for relief against him

under § 1981 and as to plaintiff's first, second, fourth and fifth claims against him for punitive damages.  However, the motion must be denied as regards plaintiff's sixth claim for relief under § 1983 for punitive damages against Sheriff Glanz in his individual capacity.  The Partial Motion to Dismiss [Doc. No. 10] is therefore granted in part and denied in part.

    IT IS SO ORDERED this 14th  day of June, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma